UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RONALD A. MARSHALL, on behalf of himself and all other employees similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GOOD VOCATIONS, INC.,<br><br>    Defendant. | Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff RONALD A. MARSHALL, on behalf of himself and all other employees similarly situated, by his undersigned counsel and shows the Court the following:

### INTRODUCTION

1.

Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay wages.

### PARTIES

2.

Plaintiff is a resident of Columbia County, Georgia.

3.

At all times material hereto, Plaintiff has been an "employee" as defined in 29 U.S.C. § 203(e).

4.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206.

5.

Defendant Good Vocations, Inc. ("Good Vocations") is a Georgia corporation and is a subsidiary of Goodwill Industries of Middle Georgia, Inc.

6.

Defendant does business at the Fort Gordon Commissary, which is located at 37200 3rd Avenue, Fort Gordon, Georgia 30905.

7.

At all times material hereto, Defendant has been an "employer" as defined by 29 U.S.C. §203(d) and an "enterprise engaged in commerce" as defined by 29 U.S.C. § 203(s).

8.

Defendant can be served through its registered agent for service: Jonathan A. Alderman, 606 Cherry Street, Suntrust Building, Macon, Georgia 31201.

## JURISDICTION AND VENUE

9.

This Court has subject matter jurisdiction over this action pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U.S.C §§ 1331 and 1337(a), because this case arises under the FLSA, a federal statute that affects interstate commerce.

10.

Venue properly lies in the Southern District of Georgia under 28 U.S.C. § 1391 because Defendant is located in this judicial district, and all the events giving rise to the claims herein arose

in this judicial district and Plaintiff resides within this district.

## FACTUAL BACKGROUND

11.

Plaintiff began working for Good Vocations at the Fort Gordon Commissary in Augusta, Georgia on or about April 28, 2009, as a stocker on the night shift.

12.

At the time of his hire, Plaintiff was paid an $9.98 an hour and reported to Lynn Hicks.

13.

In or around May or June 2009, Plaintiff was transferred to a stocker position on the day shift.

14.

At the time of his transfer, Plaintiff was paid $15.98 an hour and reported to Supervisor Diane Carswell, who in turn, was supervised by Ms. Hicks.

15.

Since Plaintiff's transfer to the day shift, Defendant has utilized a practice and/or policy of willfully failing to compensate Plaintiff and other similarly situated employees for all hours worked.

16.

Specifically, Defendant only allows Plaintiff and other similarly situated employees to take one ten (10) minute break during their scheduled shifts and does not compensate them for that time.

17.

Defendant also does not allow Plaintiff and other similarly situated employees to clock in if a truck has not yet arrived at the Commissary, even though the employees are engaged and available to work.

18.

Further, Defendant automatically deducts anywhere from a half hour to an hour of time from Plaintiff's and other similarly situated employees' time cards for a meal break, even though Plaintiff and the similarly situated employees are not provided with a meal break.

19.

Plaintiff has complained about Defendant's failure to properly compensate him and other similarly situated employees for all hours worked and Defendant has refused to change its policy and/or practice.

20.

Upon information and belief, Ms. Hicks has willfully engaged in such "time shaving" practices in order to decrease man hours so that she can receive a larger monetary bonus from Defendant.

## COUNT ONE

21.

Plaintiff re-alleges and restates Paragraphs 1 through 20 as if fully restated herein.

22.

Defendant willfully violated its obligations under the FLSA and, therefore, is liable to Plaintiff and other similarly situated employees.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

**WHEREFORE**, Plaintiff demands judgment against Defendant in his favor and that he be awarded the following relief:

(a) an order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violations;

(b) an award of Plaintiff's unpaid wages;

(c) liquidated damages under the FLSA equal to the sum of the amount of wages which was not properly paid to Plaintiff;

(d) an award of reasonable attorneys' fees, expense, and costs incurred in vindicating Plaintiff's rights;

(e) an award of pre-judgment and post-judgment interest; and

(f) such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted this 6th day of December, 2011.

/s/thomas s kenney
Ga. Bar No. 242388
/s/robert j. Solomon
Ga. Bar No. 666635

For the Firm
KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, Georgia 30096
Telephone:   (770) 564-1600
Facsimile:    (770) 717-0595