```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION


RONALD A. MARSHALL,            *
                               *
     Plaintiff,                *
                               *
          v.                   *       CV 111-200
                               *
GOOD VOCATIONS, INC.,          *
                               *
     Defendant.                *
```

### O R D E R

Presently pending before the Court are the parties' Joint Motion for Leave to File Proposed Settlement Agreement Under Seal (doc. no. 25) and Joint Motion for Approval of Settlement and Dismissal With Prejudice (doc. no. 26). Plaintiff filed suit against Defendant seeking to recover unpaid wages allegedly withheld in violation of the Fair Labor Standards Act ("FLSA"). The parties have entered a settlement agreement and are currently requesting that the Court file the agreement under seal, approve the settlement agreement, and dismiss the action.

Unlike private settlement agreements, FLSA settlement agreements are approved by a court and become part of the judicial record. Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011). Therefore, they are subject to the presumption of public access to the judicial record. Id. The presumption of public access is even stronger where, as here, the documents "directly affect" adjudication, and

the rights at issue are of a "private-public character." Id. "Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employers and their employees would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being." Id. at *2 (quotations omitted); see also Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) ("Sealing an FLSA settlement . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."). In summary, there is a "strong presumption" in favor of keeping settlement agreements in FLSA cases unsealed and available for public view. Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (collecting caselaw from numerous circuit and district courts affirming this principle).

Courts, however, should consider whether compelling reasons justify sealing the record and outweigh the interest in public access. Id. at *3; Webb, 2011 WL 6743284, at *2. Here, the parties have agreed to keep the terms of the settlement confidential. However, an "overwhelming majority of district courts [have found] that a stipulation to seal does not outweigh the strong presumption of public access to an FLSA settlement agreement." Hens, 2010 WL 4340919, at *3 (denying motion to seal agreement where confidentiality was a material condition of the settlement). Therefore, the parties' confidentiality agreement

2

does not justify sealing the FLSA settlement agreement in this case. Without a more specific and compelling reason, the Court has no choice but to deny the present motion to seal.

Accordingly, the Joint Motion for Leave to File Proposed Settlement Agreement Under Seal (doc. no. 25) is **DENIED**. In light of the Court's ruling that it will not seal the settlement agreement, the agreement's confidentiality provision is likely to be unenforceable. See Webb, 2011 WL 6743284, at *3. Thus, the Joint Motion for Approval of Settlement and Dismissal With Prejudice (doc. no. 26) is **DENIED**, and the parties will be provided an opportunity to revise the terms of the agreement in accordance with this Order. Within **twenty-one (21) days** of the date of this Order, the parties must: (1) file on the public docket a second motion for approval of settlement agreement with an amended agreement appended, or (2) submit a report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this  9th  day of November, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA