# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE is made by and between Ronald A. Marshall and Good Vocations, Inc. and its owners, partners, shareholders, employees, agents, affiliates, and subsidiaries, and all their officials, agents, directors, officers, managers, supervisors, employees, agents, attorneys, insurers, representatives, successors and assigns (collectively referred to as "Good Vocations").

## WITNESSETH:

**WHEREAS,** through counsel, Marshall filed a Complaint in the United States District Court for the Southern District of Georgia, Augusta Division, styled <u>Ronald A. Marshall v. Good Vocations, Inc.</u>, case no. 1:11-CV-00200-JRH-WLB, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and alleging retaliation for opposition to same, involving matters arising from and related to his employment with Good Vocations and termination thereof;

**WHEREAS,** Marshall and Good Vocations desire to resolve fully and finally the claims that are alleged in the Complaint and Amended Complaint, that can be released by this Settlement Agreement and Release, in an amicable manner without the difficulties and expenses involved in further disputation;

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, resolve disputed claims and to finally resolve issues between them, Marshall and Good Vocations agree as follows:

1.      Good Vocations agrees to tender the sum Twenty Six Thousand and 00/100 Dollars ($26,000.00) to Marshall and his counsel within ten (10) business days following execution and return by Marshall of this Settlement Agreement and Release (said date being the "Effective Date") and following approval of the settlement by the Court and dismissal of the Complaint identified above, for which IRS Forms W-2 and 1099 shall issue to Marshall and his counsel. The apportionment of funds will be provided to counsel for Good Vocations by counsel for Marshall on or before the Effective Date of this Agreement, and disbursal of funds is contingent upon receipt of IRS forms W-9 from Marshall and his counsel. Marshall agrees that he at all times remains liable for the tax treatment he and his counsel accord this settlement.

        This payment represents full and complete satisfaction of the claims Marshall alleged in his Complaint (including back pay, compensatory and punitive damages, exemplary damages, liquidated damages, expenses, costs, and attorneys' fees). This Settlement Agreement and Release specifically releases any and all claims Marshall may have arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. It does not include any claims that legally cannot be released by this Settlement Agreement and Release.

2.      In consideration of the foregoing, Marshall fully and forever surrenders, releases, acquits and discharges Good Vocations and all its current and former owners, partners, officers, officials, administrators, agents, attorneys, employees, liability insurers, successors and assigns,

personally and in their individual and official capacities and any related entities of Good Vocations, and/or entities owned or controlled by their owners, and all their subsidiaries, divisions, parents, holding or affiliated companies, and their respective current and former directors, officers, partners, administrators, agents, attorneys, liability insurers, managers, employees, successors and assigns, personally and in their individual and official capacities, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, compensation, punitive damages, and all losses, demands and damages of whatsoever nature or kind in law or in equity, that could reasonably be known, arising on or before the effective date of this Settlement Agreement and Release which were raised or could have been raised in the Complaint.

3.   The parties' obligations to perform under this Settlement Agreement and Release are conditioned upon the other party's agreements and promises as set forth herein. The parties acknowledge that a breach of any such agreement or promise may be actionable in a court of competent jurisdiction and that the breaching party may be liable to the other party in damages and may further be subject to imposition of injunctive remedies to enforce the provisions of this Settlement Agreement and Release. The terms of this Settlement Agreement and Release shall not be construed in favor of one party over the other.

4.   Marshall represents and warrants that he has not assigned or sold, or in any way disposed of his claims to anyone and that he will save and hold Good Vocations harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including attorneys fees, arising from a complete or partial assignment of the claims released.

5.   This Settlement Agreement and Release is the compromise of a disputed claim and is not to be construed as an admission of liability on the part of Good Vocations. Good Vocations denies liability and enters into this settlement merely to avoid further costs and litigation. Marshall is not in any legal sense a "prevailing party."

6.   There are no collateral or outside agreements, promises or undertakings other than those expressly stated. This Settlement Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter. This Settlement Agreement and Release may not be modified except in writing signed by all parties. It is binding upon Marshall and his heirs, administrators, executors, successors and assigns, and shall inure to the benefit Good Vocations and its owners, partners, administrators, liability insurers, agents, attorneys, officers, employees, successors and assigns, and any related entities, and any other subsidiaries, divisions, affiliated companies, corporations, and their respective directors, administrators, successors and assigns.

7.   This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said state. It was negotiated by counsel for the parties. This Settlement Agreement and Release shall not be construed with a presumption for or against Marshall or Good Vocations. Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release. As used in this Settlement Agreement and Release, the

singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

8.     The parties agree to refrain from making any negative comments or public unprivileged criticisms about one another and/or Good Vocations' employees, parents, subsidiaries, customers, officers, and agents, as applicable. They agree not to publish, orally or in writing, any unprivileged statement, comment, claim or other matter that may harm, injure or damage the personal and/or business interests or reputation of the people and entities identified above. They agree that if they do not maintain at least a neutral position in this area, they will be responsible for paying all attorneys' fees and expenses incurred by the disparaged party in any prevailing action for equitable relief and/or damages pursued for purposes of alleging a breach of this provision. Good Vocations will provide a neutral confirmation of employment for Marshall, consisting only of job title and dates of employment, provided Marshall directs all inquiries exclusively to Laine Dreher.

CONSULT WITH YOUR ATTORNEY.
READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF CLAIMS.

_____         _____
Ronald A. Marshall                                                  Date

_____         _____
Agent, Good Vocations, Inc.                                       Date

Approved as to form:

_____         _____
Counsel for Marshall                                                 Date

- 3 -

2160694.1

# EXHIBIT "2"

OFFICE OF THE CHAPTER 7 TRUSTEE

**A. STEPHENSON WALLACE**
P. O. BOX 14308
3744 WALTON WAY EXTENSION
AUGUSTA, GEORGIA 30919

aswall1@btrustee.com

(706) 863-0400
FAX: (706) 863-2069

December 17, 2012

Robert J. Solomon
Kenney, Solomon & Medina, P.C.
3675 Crestwood Parkway
Suite 300
Duluth, GA 30096

    IN RE:    Marshall, Chapter 7 No. 10-12357-SDB

Dear Robert:

    Thank you for your letter of December 11, 2012 regarding the above. Mr. Marshall has exempted an amount that exceeds the lost wages recovered.

    Therefore, I will be abandoning this asset and closing Mr. Marshall's bankruptcy proceeding as a no-asset case. If you have any questions, please do not hesitate to contact me.

Yours very truly,

A. Stephenson Wallace
Chapter 7 Trustee

cc:    Ronald A. Marshall

# EXHIBIT "3"

KENNEY, SOLOMON & MEDINA, P.C.
ATTORNEYS AT LAW
3675 CRESTWOOD PARKWAY, SUITE 300
DULUTH, GEORGIA  30096
(770) 564-1600
FEDERAL TAX ID# 58-2158686

*DUE UPON RECEIPT*

MARSHALL, RON

Page 1
September 30, 2012
Account No: 2240-0001M
Statement No: 990060

GOODWILL INDUSTRIES, INC.

LEGAL FEES

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 03/01/2011 | TSK | MULTIPLE PHONE CONFERENCES WITH CLIENT; REVIEW CLIENT MATERIAL | 225.00 | 5.00 | 604.99 |
| 03/14/2011 | RJS | REVIEW CASE LAW ON FLSA CLAIMS; PREPARE AND DRAFT COMPLAINT | 225.00 | 4.20 | 508.19 |
| 03/17/2011 | TSK | REVIEW LAW, FILE AND COMPLAINT; CONFERENCE WITH CO-COUNSEL | 225.00 | 2.50 | 302.49 |
| 03/29/2011 | TSK | EMAIL CO-COUNSEL; TELEPHONE CONFERENCE WITH SAME | 225.00 | 1.00 | 121.00 |
| 04/21/2011 | TSK | CONFERENCE WITH CO-COUNSEL AND CLIENT REGARDING CASE | 225.00 | 2.50 | 302.49 |
| 04/26/2011 | TSK | TELEPHONE CONFERENCE WITH CHAPTER 7 TRUSTEE; TELEPHONE CONFERENCE WITH DEBTOR'S COUNSEL IN CHAPTER 7; REVIEW, DOCKET AND RESCHEDULE | 225.00 | 2.20 | 266.20 |
| 08/03/2011 | RJS | TELEPHONE CONFERENCE WITH STEVE WALLACE; EMAIL TO STEVE | 225.00 | 0.70 | 84.70 |
| 08/24/2011 | RJS | TELEPHONE CONFERENCE WITH TRUSTEE; MEMO | 225.00 | 0.40 | 48.40 |

|  |  | Page 3 |
|---|---|---|
|  |  | September 30, 2012 |
| MARSHALL, RON |  | Account No: 2240-0001M |
|  |  | Statement No: 990060 |
| GOODWILL INDUSTRIES, INC. |  |  |

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 06/04/2012 RJS | REVIEW ALL AUDIO RECORDINGS; REVIEW DISCOVERY RESPONSES; CORRESPONDENCE TO OPPOSING ATTORNEY | | 225.00 | 5.50 | 665.49 |
| 06/16/2012 RJS | REVIEW DISCOVERY DOCUMENTS; CORRESPONDENCE TO OPPOSING ATTORNEY REGARDING DEFICEINCES (2.8)' TELEPHONE CONFERENCE WITH THE CLIENT (.8); PREPARE AND DRAFT DEPOSITION NOTICES (1.2) | | 225.00 | 4.80 | 580.79 |
| 07/20/2012 RJS | PREPARE AND DRAFT REVISED DEPOSITION NOTICES; EMAIL TO CLIENT WITH DOCUMENTS AND STATUS UPDATE | | 225.00 | 0.90 | 108.90 |
| 08/13/2012 LB | LEGAL RESEARCH JUDICIAL ESTOPPEL ISSUE | | 225.00 | 1.00 | 121.00 |
| 08/15/2012 RJS | REVIEW TRUCK LOGS AND TIME CARDS AND CREATE SPREADSHEET WITH TRUCK ARRIVAL TIME VERSUS CLOCK IN TIME (4.3); TELEPHONE CONFERENCE WITH THE CLIENT REGARDING CASE STATUS AND PARAMETERS OF POSSIBLE SETTLEMENT OFFER (1.3); PREPARE AND DRAFT DEMAND LETTER TO CLIFTON (1.6) | | 225.00 | 7.20 | 871.18 |
| 08/17/2012 RJS | TELEPHONE CONFERENCE WITH THE CLIENT REGARDING DEPOSITION PREPARATION | | 225.00 | 0.30 | 36.30 |
| 08/19/2012 RJS | PREPARE FOR DEPOSITION (4.1); MEET WITH CLIENT (3.0) | | 225.00 | 7.10 | 859.08 |
| 08/20/2012 RJS | DEPOSITION OF RON MARSHALL | | 225.00 | 8.50 | 1,028.48 |
| 08/21/2012 RJS | REVIEW DOCUMENTS FOR DEPOSITION (1.6); DEPOSITION OF TRACY HULL, MEG WEBB AND LYNN HICKS | | 225.00 | 10.60 | 1,282.58 |
| 08/27/2012 RJS | CORRESPONDENCE TO CLIENT REGARDING CASE STATUS AND DEFENDANT'S OFFER OF JUDGMENT | | 225.00 | 0.70 | 84.70 |

MARSHALL, RON

GOODWILL INDUSTRIES, INC.

Page 2
September 30, 2012
Account No: 2240-0001M
Statement No: 990060

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 10/25/2011 | RJS | REVIEW AND REVISE COMPLAINT, DISCOVERY, INITIAL DISCLOSURES AND CERTIFICATE OF INTENDED PARTIES; REVIEW LOCAL RULES; FINALIZE COMPLAINT | 225.00 | 2.90 | 350.89 |
| 10/27/2011 | RJS | FINALIZE COMPLAINT AND REQUIRED NOTICES FOR FILING | 225.00 | 1.10 | 133.10 |
|  | TSK | REVIEW COMPLAINT | 225.00 | 1.50 | 181.50 |
| 01/17/2012 | RJS | RECEIVE AND REVIEW ANSWER | 225.00 | 1.00 | 121.00 |
| 01/19/2012 | RJS | EMAIL WITH OPPOSING ATTORNEY REGARDING 26F CONFERENCE; RECEIVE AND REVIEW ANSWER | 225.00 | 0.60 | 72.60 |
| 01/30/2012 | RJS | REVIEW PLEADINGS AND SCHEDULING ORDER FORM; CONFERENCE CALL | 225.00 | 1.50 | 181.50 |
| 02/03/2012 | RJS | REVIEW SCHEDULE; ORDER | 225.00 | 0.40 | 48.40 |
| 02/13/2012 | RJS | PREPARE AND DRAFT INITIAL DISCLOSURES (1.1); REVIEW AND REVISE RULE 26 REPORT PROPOSED BY DEFENDANT'S COUNSEL (.4); RESEARCH RETALIATION CLAIMS AND POSSIBLE AMENDMENT TO COMPLAINT (.9) | 225.00 | 2.40 | 290.39 |
| 02/27/2012 | RJS | PREPARE AND DRAFT AMENDED COMPLAINT REGARDING CLAIM OF RETALIATION | 225.00 | 2.20 | 266.20 |
| 03/08/2012 | RJS | PREPARE AND DRAFT MOTION TO AMEND COMPLAINT (.7); EMAIL TO/FROM CLIENT REGARDING DISCOVERY FROM DEFENDANT(.6) | 225.00 | 1.30 | 157.30 |
| 03/27/2012 | RJS | PREPARE AND DRAFT RESPONSES TO DISCOVERY; SCHEDULE FOLLOW UP CALL WITH CLIENT TO REVIEW AND REVISE | 225.00 | 1.70 | 205.70 |
|  | RJS | PREPARE AND DRAFT INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF | 225.00 | 2.50 | 302.49 |

|  |  | Page 4 |
|---|---|---|
| MARSHALL, RON |  | September 30, 2012 |
|  | Account No: | 2240-0001M |
|  | Statement No: | 990060 |
| GOODWILL INDUSTRIES, INC. |  |  |

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 08/31/2012 | RJS | TELEPHONE CONFERENCE WITH OPPOSING ATTORNEY | 225.00 | 0.30 | 36.30 |
| 09/04/2012 | RJS | TELEPHONE CONFERENCE WITH THE CLIENT REGARDING SETTLEMENT OFFER | 225.00 | 0.20 | 24.20 |
| 09/06/2012 | RJS | TELEPHONE CONFERENCE WITH OPPOSING ATTORNEY | 225.00 | 0.40 | 48.40 |
| 09/19/2012 | RJS | REVIEW SETTLEMENT AGREEMENT; EMAIL TO OPPOSING ATTORNEY | 225.00 | 0.80 | 96.80 |
| 09/25/2012 | RJS | PREPARE AND DRAFT MOTION FOR APPROVAL; TELEPHONE CONFERENCE WITH OPPOSING ATTORNEY; LETTER TO STEVE WALLACE | 225.00 | 3.80 | 459.77 |
|  |  | TOTAL LEGAL FEES |  | 89.70 | 10,853.50 |

### EXPENSES

| 01/03/2012 | SERVICE FEE | 310.00 |
|---|---|---|
| 05/30/2012 | TECHNOLOGY FEE | 15.00 |
| 08/20/2012 | PARKING COST FOR DEPOSITION | 5.00 |
| 09/17/2012 | DEPO OF TRACI HALL, LYNN HICKS & MEG THOMPSON-WEBB | 1,316.50 |
|  | TOTAL EXPENSES | 1,646.50 |
|  | TOTAL FEES AND EXPENSES | 12,500.00 |
|  | BALANCE DUE | $12,500.00 |